124 F.3d 212
 1997-2 Trade Cases P 71,969
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert PENNER, an individual; Joy Penner, an individual
d/b/a Watch Connection, Plaintiffs-Appellants,
v.
BREITLING USA, INC.; Bretiling, Switzerland, Defendants-Appellees.
 No. 96-16481.
 United States Court of Appeals, Ninth Circuit.
 Submitted** September 19, 1997.
Sept. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-93-04308-SI; Susan Yvonne Illston, District Judge, Presiding.
 BEFORE: ALDISERT***, THOMPSON and SNEED, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert and Joy Penner, d/b/a Watch Connection, appeal from the district court's grant of summary judgment in favor of Breitling U.S.A., Inc. The Penners' complaint raised claims under California's Cartwright Act and Unfair Practices Act and for common law slander. Their appeal raises issues on the Cartwright Act claim only.
 
 
 3
 The Penners make the following arguments on appeal: (1) the district court improperly granted summary judgment on the Cartwright Act claim because the Penners offered direct and circumstantial evidence of a combination or conspiracy to maintain retail prices; (2) the court improperly decided issues of material fact in favor of Breitling and Bello; and (3) the court failed to address the Penners' evidentiary objections to facts offered by Breitling. The parties are familiar with the facts.
 
 I.
 
 4
 The Penners' sole claim on appeal is under the California Cartwright Act. Cal. Bus. & Prof.Code § 16700 et seq. The Cartwright Act, like the federal Sherman Act, 15 U.S.C. § 1, prohibits "combinations ... [t]o create or carry out restrictions in trade or commerce." Cal. Bus. & Prof.Code § 16720(a). Federal cases interpreting the Sherman Act are considered persuasive in interpreting the Cartwright Act. See Biljac Assoc. v. First Interstate Bank, 218 Cal.App.3d 1410, 1420 (1990).
 
 
 5
 Like the Sherman Act, the Cartwright Act makes a crucial distinction between independent and concerted action: "Unilateral refusal by a producer to deal with a distributor, absent proof that it was pursuant to an illegal conspiracy, does not violate antitrust laws." Kolling v. Dow Jones & Co., 137 Cal.App.3d 709, 720 (1982). A manufacturer is not involved in an illegal combination when it merely refuses to do business with dealers who do not adhere to its suggested retail prices. United States v. Colgate & Co., 250 U.S. 300, 305 (1919). Colgate teaches that Breitling is clearly within its rights to announce suggested retail prices and refuse to maintain dealers who discount its watches below those prices.
 
 
 6
 Concerted action can be shown by either of two theories. First, a conspiracy exists if the manufacturer coerces the complaining distributor into maintaining the manufacturer's suggested retail price. United States v. Parke, Davis & Co., 362 U.S. 29, 44 (1960). Second, a conspiracy may be shown where the manufacturer has received complaints from competitors and other evidence exists showing a common scheme between the manufacturer and the complaining competitors. Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 764 (1984). The Penners have introduced no evidence to suggest that Breitling went beyond its Colgate rights under either of these theories.
 
 
 7
 In order to establish coercion, the manufacturer must take some affirmative action beyond mere refusal to deal in obtaining the dealer's acquiescence to its price scheme. Parke, Davis, 362 U.S. at 44. For example, the drug manufacturer in Parke, Davis coerced the compliance of its retailers by refusing to sell to any wholesalers who provided drugs to discount retailers. Id. at 29. The involvement of the wholesalers was affirmative action that went beyond the manufacturer's right to announce prices and refuse to deal.
 
 
 8
 Breitling took no similar coercive action against Watch Connection. The Penners acknowledge that Breitling never told them they were cut off and never took any affirmative action to persuade them to raise their prices. The Penners claim that Breitling coerced them by cutting them off as a dealer, by refusing to return their phone calls and by Marianne Bello's reference to them as a "lousy discounter." This is not affirmative action to bring the Penners into line with a resale price maintenance scheme akin to that used in Parke, Davis. These actions amount to nothing more than the simple refusal to deal that Colgate expressly permits.
 
 
 9
 Similarly, the Penners have introduced no evidence to show that a conspiracy to maintain prices existed between Breitling and its dealers. In order to succeed on this theory, the Penners must show that the manufacturer and the nonterminated distributors " 'had a conscious commitment to a common scheme designed to achieve an unlawful objective.' " Monsanto, 465 U.S. at 764 (quoting Edward J. Sweeney & Sons, Inc. v. Texaco, Inc., 637 F.2d 105, 111 (3d Cir.1980)). This requires something more than evidence that other dealers complained to the manufacturer. The Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1155 (9th Cir.1988). "Evidence must be presented both that the distributor communicated its acquiescence or agreement and that this was sought by the manufacturer." Id. (quoting Monsanto, 465 U.S. at 764 n. 9).
 
 
 10
 As The Jeanery demonstrates, this standard requires significant, concrete evidence of an agreement on prices. In that case, this court found that no conspiracy existed where one of the manufacturer's major dealers threatened to stop buying its product unless the manufacturer brought a discounting dealer into line. The Jeanery, 849 F.2d at 1158.
 
 
 11
 Here, the Penners have offered no evidence to suggest a conspiracy between Breitling and its dealers. They refer only to internal actions by Breitling employees, such as discussion among regional sales managers or the Swiss manager faxing American discount advertisements to Breitling's American sales representatives. These internal activities are independent activity, not a conspiracy between Breitling and its dealers.
 
 
 12
 Finally, the Penners argue that complaints to Breitling by competing dealers against a dealer in Florida somehow show a conspiracy. This argument is meritless. First, these acts are significantly less egregious than those tolerated in The Jeanery and are not a basis for finding concerted action. Moreover, even if we were to find these actions probative of a conspiracy, in order to succeed the Penners must show some causal link between this activity and their alleged injury. Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir.1991) (plaintiff failed to show any injury from defendant's conduct). The facts alleged by the Penners regarding the Florida dealers, even if true, did not cause Breitling to terminate Watch Connection as a dealer.
 
 II.
 
 13
 The Penners raise several issues of fact which they claim the district court improperly found against them and several evidentiary objections which they claim the court failed to consider. These facts generally relate to: (1) whether Marie Bodman initially made Breitling's disdain for discounters clear to Robert Penner; (2) when the phone call between Marie Bodman and Bill Blackton took place; and (3) whether Breitling really was mistaken in continuing shipments to Watch Connection just prior to its termination as a Breitling dealer. These facts, however, are immaterial because they do not aid the Penners' Cartwright Act claim. Even if we accept these facts as true, the Penners' claim would not withstand summary judgment. American Ad Management, Inc. v. GTE. Corp., 92 F.3d 781, 788-789 (9th Cir.1996) (Once the defendant has proffered a plausible and justifiable explanation for its conduct, "plaintiff must come forward with evidence that is 'capable of sustaining a rational inference of conspiracy and that tends to exclude the possibility that the defendant acted independently.' ") (citation omitted).
 
 
 14
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary. AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3